Law Library

FILED
SUPERIOR COURT

2012 MAY 11 PM 3: 15

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM MEMORIAL HOSPITAL AUTHORITY, | SPECIAL PROCEEDINGS CASE NO. SP0051-12 |
| Petitioner, | |
| v. | **ORDER** |
| GUAM CIVIL SERVICE COMMISSION, | |
| Respondent. | |
| v. | |
| EVANGELINE P. CHACO, | |
| Real Party in Interest. | |

## INTRODUCTION

This matter to the attention of the Honorable Arthur R. Barcinas on the 3rd day of May, 2012, after the Petitioner filed its amended petition requesting judicial review, and the Real Party in Interest filed a "Response to Amended Petition for Judicial Review" attempting to raise the issue of notice and personal jurisdiction in this judicial review case. Attorney William Benjamin Pole represents the Real Party in Interest. The Court now issues the following Order on the matters presented without oral argument pursuant to 7 GCA § 31103.

//

## DISCUSSION

In this case, the Petitioner has filed a Petition for Review seeking judicial review of a Decision and Judgment issued by the Civil Service Commission (hereinafter "CSC"). The Real Party in Interest has filed a "Response to Amended Petition" claiming that the Real Party in Interest is reserving "the right to question Jurisdiction based upon lack of notice and service," and that she "does not waive any rights she has to contest Personal Jurisdiction." In the Matter of Guam Memorial Hospital Authority, Special Proceedings Case No. SP0051-12, Real Party in Interest's Response to Am. Pet. for Judicial Review, p.1, ¶ 1 (filed May 3, 2012). Based upon the following analysis, the Court finds that the Real Party in Interest has no right to contest personal jurisdiction in a special proceeding matter for Judicial Review.

In a general civil action, under the Guam Rules of Civil Procedure, Rule 12 is the proper authority under which to request dismissal based upon defects in a complaint, and may be filed in lieu of an answer. GRCP Rule 12(b)(2012). The Real Party in Interest has asserted the right to question personal jurisdiction for lack of notice and service, as would be permitted under GRCP Rule 12(b) and (h), yet has failed to cite to this rule in filing her "response." For the sake of analysis, under the Rules of Civil Procedure, a Rule 12 motion is permitted prior to the filing of an answer, and if properly made, functions in the place of an answer. GRCP Rule 12(b)(2012). Nevertheless, based on the following discussion of the law regarding writ procedure, the Court finds that the "response" made by the Real Party in Interest may not be filed in a writ of review proceeding under Guam law, unless specifically requested and permitted by the Court. The Real Party in Interest has never sought leave of Court to file this "response."

In undertaking this analysis, the Court looks first to the statute or law conferring jurisdiction for the type of action brought. McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 245–47 (1980); Macris v. Guam Mem'l Hosp. Auth., 2008 Guam 6 ¶ 15; Benavente v. Taitano I, 2006 Guam 15 ¶¶ 18–21.

The Petition for Review primarily relies upon 4 GCA § 4406 as the statute conferring jurisdiction over a writ of judicial review. The Court finds that under Carlson v. Perez, 2007 Guam 6, statutes 7 GCA § 31101 et. seq. control the Court's determination of this matter, procedurally, and therefore, the Court must follow the strictures set forth under the statutory scheme.

The Court acknowledges that the Guam Rules of Civil Procedure state "[t]here shall be one form of action to be known as 'civil action.' Within the category of 'civil action' there are the following kinds of cases: civil cases, domestic cases, and special proceedings." GRCP Rule 2 (2012). Further, the rules state, "[t]hese rules govern the procedure in all suits of a civil nature, including civil actions, domestic actions, special proceedings and criminal matters of which the court has jurisdiction." GRCP Rule 1 (2012). The Guam Rules of Civil Procedure were adopted directly from the 2003 Federal Rules of Civil Procedure, with some variations. Although the Court notes that the Guam Rules of Civil Procedure, as stated under Rules 1 and 2, would seem at first glance to apply to all actions, including special proceedings, which include the sub-category of writ proceedings, the Court finds that the specific statutory procedures set forth in the Guam Code trump the general civil rules for two reasons: first, statutes enacted by the legislature cannot be overruled by non-legislatively promulgated rules; and second, there is an important distinction between the Federal Rules of Civil Procedure, the

Guam Rules of Civil Procedure as adopted, and the statutory/judicially created structure for writ proceedings in Guam.

The distinction between these different sets of rules/statutes is that most of the extraordinary writs have been abolished by the Federal Rules of Civil Procedure; however, Guam has retained all of its special writ statutes under the label "Civil Special Proceedings." Title 7 GCA, Chapter 30, Division 3. Under the federal system, Rules 1 and 2 of the Federal Rules of Civil Procedure were enacted and writs were generally abolished in order to simplify and streamline the number of actions and procedural complications associated with each type of action, in favor of a single civil complaint or motion to accomplish the same ends and provide the same remedies through a more simplified process. *See* Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966)("These rules were designed in large part to get away from some of the old procedural booby traps which common law pleaders could set to prevent unsophisticated litigants from ever having their day in court."); Padovani v. Bruchhausen, 293 F.2d 546, 549 (2d Cir. 1961)("Not without careful planning were the federal rules designed to eliminate the evils of special pleading"); *see also* Federal Rules of Civil Procedure, Preamble, Rules 1, 2, and 81 (September 16, 1938); Conformity Act of 1842, Act August 1, 1842, § 6, 5 Stat. 499; Process Act of 1792, Act May 8, 1792, c. 36, § 2, 1 Stat. 275, 276 ("the forms of writs, executions and other process, except their style and the forms and modes of proceeding in suits . . . in . . .equity . . .[shall be] according to the principles, rules and usages which belong to courts of equity . . . .").

For example, under the Rules of Federal Procedure, mandamus type relief is available. However, the method through which it is obtained is not through a verified petition for a writ of mandamus, as required on Guam, Nicholson v. Superior Court of Guam, 2007 Guam 9, ¶¶5 and

7 (Sup. Ct. Guam 2007)("A writ of mandate must be issued on the verified petition of the party beneficially interested" and unverified petitions will be dismissed), but rather, through a civil complaint which follows the regular course of civil procedure. FRCP Rule 81(b)(2003)("Relief heretofore available by mandamus . . .may be obtained by appropriate action . . . under the practice prescribed by these rules."); Sanchez-Espinosa v. Reagan, 770 F.2d 202, 207, n.7 (D.C. Cir. 1985)(J. Scalia)(petitions for writs of mandamus are abolished in the federal system, but relief "in the nature of mandamus" may still be obtained by way of a civil action); and McBride v. Western Union Tel. Co., 171 F.2d 1, 2 (9th Cir. 1948)("Federal Rules of Civil Procedure, Rule 81(b), 28 U.S.C.A., has abolished writs of mandamus and substituted a motion or complaint. . . .Rule 81(b) now has substituted the simpler process and made unnecessary the mere formality of pleading in the relator form.").

Although it has adopted Rules 1 and 2 of the Federal Rules of Civil Procedure, Guam has specifically declined to adopt Rule 81(b) in favor of the retention of its own writ statutes. "Where [a rule-making body] includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that [the rule-making body] acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983). The omission of Rule 81(b) in the adoption of the Guam Rules of Civil Procedure is purposeful. As stated by the Supreme Court of Guam:

> It is assumed that whenever [a rule-making body] enacts a provision it has in mind previous statutes relating to the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes. Thus, they all should be construed together.

Benavente v. Taitano I, 2006 Guam 16 ¶ 40 (citing 2B Norman J. Singer, Sutherland Statutory Constr. § 51:2 (6th ed.2006)).

The Supreme Court of Guam, through Promulgation Order Nos. 06-006-01 and 06-006-02, chose not to alter the existing writ procedures in Guam by rejecting the adoption of Federal Rule of Civil Procedure Rule 81(b). Consequently, the writ procedures provided under the Guam Code survive in their entirety as a comprehensive statutory procedural scheme.

More specifically, as previously found by this Court in this case, the procedural statutes of Title 7, governing general writs of review apply and solely govern the procedure by which review may occur. In the Matter of Guam Memorial Hospital Authority, Special Proceedings Case No. SP0051-12, Order, pp. 4–5, (filed April 27, 2012).

Sections 31101, *et seq.* of Title 7 establish the Writ of Review and allow a judge of the Superior Court to issue the writ directing an inferior tribunal to provide transcripts of the proceedings before the lower tribunal to the Superior Court of Guam so that the Superior Court may conduct an examination of the record to determine whether the inferior tribunal has exceeded its authority.

Because the Court has determined that the method by which review may be obtained is solely governed by the statutory sections 7 GCA § 31101, *et. seq.*, the Court finds that the Guam Rules of Civil Procedure, which include requirements concerning answers, defenses, discovery, scheduling conferences, and trials (all of which are absurd in the context of judicial review) are not applicable.

To further highlight the contrast between the Guam statutory writ remedies and the Rules of Civil Procedure, 7 GCA §§ 30102 and 31206 actually distinguish between the procedure allowed in a general "civil action" and "a special proceeding" by allowing only certain specified civil definitions and modes of answer in writ proceedings.

In writ proceedings, Guam's statutory framework particularly and specifically limits the ability to file answers. *See* 7 GCA §§ 31103 and 31206 (2012). Under 7 GCA § 31206, the sole pre-hearing answer permitted is an answer to an alternative writ of mandamus, if issued. 7 GCA § 31206 (2012).

In a writ of review proceeding, no answer at all is expressly permitted by statute. In fact, no notice at all is required to any of the parties prior to the issuance of the writ. Specifically, 7 GCA § 31103 states in relevant portion: "the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, *or may grant the writ without notice*. 7 GCA § 31103 (emphasis added). No notice is required because a writ of review merely issues to a lower tribunal to certify a transcript of the record to the reviewing Court. 7 GCA §§ 31104 and 31105 (2012). The issuance of a writ of review, and thereupon, the provision of a transcript of proceedings to the Superior Court of Guam does not implicate any substantive or fundamental rights of a Real Party in Interest. Because the issuance of the writ solely requires a lower tribunal to provide the Court with a transcript of proceedings, the Real Party in Interest has no real claim that she is prejudiced by the issuance of the writ without notice.

As Guam has rejected the abolishment of the special writ procedures, and maintains its statutes, writ relief is still available as an "extraordinary remedy," under Guam law, Duque v. Superior Court of Guam, 2007 Guam 15 ¶¶ 8, 19–21, and still follows the extraordinary writ procedure set forth under 7 GCA §§31101 *et. seq.* Consequently, the writ statutes still control the precise procedure for obtaining a writ relief. Accordingly, when a petitioner petitions the Court for a writ, the Court must proceed under these special procedural statutes, and may not

treat the case as if it were a general civil action, because the specific statutory procedure as adopted by the Court for Petitions of Judicial Review remains in effect.

Under the writ of review statutes, no notice is required prior to the issuance of the writ. Accordingly, the Real Party in Interest cannot claim that she has a right to notice, and cannot raise the defense of lack of notice and lack of personal jurisdiction, as would be available in a regular civil proceeding action under GRCP Rule 12.

In fact, verification is required in special writ proceedings in order to allow the Court to adopt the allegations of the petition as true, and immediately issue a writ *before permitting an answer or hearing. See* 7 GCA §§ 31103, 31203, and 31302. The Court previously ordered the Petitioner to verify its petition so that the Court could *"grant the writ without notice,"* 7 GCA § 31103 (emphasis added), and "command the party to whom it is directed to certify fully to the court issuing the writ . . . a transcript of the record and proceedings . . . that the same may be reviewed by the court . . . ." 7 GCA § 31105. Only after the writ is issued, and a return of the transcripts has been made are the parties even entitled to a hearing thereon. 7 GCA § 31109.

Because writ review is intended to be a special, expedited process, the Court will not interpose the Rules of Civil Procedure to allow additional civil practice where it is not explicitly permitted by the writ statutes. Accordingly, the Court finds that the Real Party in Interest's answer/response and reservation of civil defenses under Rule 12 of the Guam Rules of Civil Procedure is inapplicable to a petition for a writ of review in Guam, and is therefore, STRICKEN.

## CONCLUSION

The Court finds that no answer is permitted under the special procedure provided for a writ of review, and no notice is required prior to its issuance. Under the special procedure

provided under 7 GCA §§31101 *et. seq.*, the Court may issue the writ without notice and without hearing. Based upon the foregoing, the "Response to Amended Petition for Judicial Review" filed by the Real Party in interest is STRICKEN and will not be considered by the Court. The Court hereby ISSUES THE WRIT OF REVIEW to the Civil Service Commission, who is ORDERED to CERTIFY A TRANSCRIPT OF THE RECORD AND PROCEEDINGS of October 11, 13, 18, and November 15, 16 and 17, 2011 regarding Adverse Action Appeal Case No. 11-AA10T of Real Party In Interest Evangeline P. Chaco, to this Court on or before JUL 1 0 2012 . After full return of the transcripts has been made, the Court shall hear the parties on SEP 0 7 2012 *at 10:30Am*, to determine judgment either affirming, annulling, or modifying the proceedings below, in accordance with 7 GCA §§ 31108 and 31109.

**IT IS SO ORDERED** this MAY 1 1 2012 .



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.



MAY 1 1 2012
Joleen C. Camacho
Deputy Clerk, Superior Court of Guam